**WO**                                                                                                          SK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leon Dews,<br><br>  Petitioner,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>  Respondents. | No. CV 07-1308-PHX-SMM (DKD)<br><br>**ORDER** |

Petitioner Leon Dews, who is confined in Wasco State Prison in Wasco, California, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition").[1]  The Court will dismiss the Petition without prejudice.

**I.    Petition**

Petitioner was extradited from Arizona and convicted in California on charges of parole violation, absconding, and robbery.  Petitioner challenges his California conviction based on the extradition, raising three grounds for relief.  In Ground One, Petitioner alleges that the extradition document was invalid.  In Ground Two, he alleges that there was no

---

[1] Petitioner previously filed another *pro se* Petition for Writ of Habeas Corpus, CV-07-1003-PHX-SMM (DKD); this case was dismissed and a Judgment of dismissal entered on July 9, 2007 (Doc. #11 in CV-07-1003-PHX-SMM (DKD)) because Petitioner was not convicted in Arizona.

1 probable cause to extradite him.  In Ground Three, he alleges that the process used to
2 extradite him violated the Fourteenth Amendment.

## II.    Dismissal

A district court must summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ."  Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

An "invalid extradition [is not] a sufficient ground upon which to grant habeas relief once the fugitive is present in the jurisdiction from which he fled." Weilburg v. Shapiro, __ F.3d __, 2007 WL 1574874 *3 (9th Cir. Jun. 1, 2007).  "In the case of extradition, '[o]nce a fugitive has been brought within custody of the demanding state, legality of extradition is no longer proper subject of any legal attack by him.'" Harden v. Pataki 320 F.3d 1289, 1299 (11th Cir. 2003) (quoting Siegel v. Edwards, 566 F.2d 958, 960 (5th Cir. 1978) (*per curiam*)).  "[A] person forcibly abducted from one state without warrant or authority of law and placed in the demanding state's custody does not have a claim for release in habeas corpus." Johnson v. Buie, 312 F. Supp. 1349, 1351 (W.D. Mo. 1970) (cited with approval in Siegel, 566 F.2d at 960).  "Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." Barton v. Norrod, 106 F.3d 1289, 1298 (6th Cir. 1997).  Moreover, a challenge to extradition would not affect the underlying charges.  See id. (citing Buie, 312 F. Supp at 1351).

Here, Petitioner has already been extradited to California and is no longer detained by Arizona, so habeas relief in connection with the extradition is no longer available and is not a proper ground for challenging the California conviction.  The Court will dismiss the Petition without prejudice.

**Petitioner is advised that if he wishes to challenge his California conviction in a proceeding under 28 U.S.C. § 2254, he should file his case in the appropriate United States District Court in California, not in Arizona.**

Accordingly,

1  **IT IS ORDERED** that the Petition for Writ of Habeas Corpus by a Person in State
2  Custody Pursuant to 28 U.S.C. § 2254 (Doc. #1) is **dismissed without prejudice** and the
3  Clerk of Court must enter a Judgment of dismissal.
4  DATED this 13th day of July, 2007.

Stephen M. McNamee
United States District Judge